UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARTIN FLORES DELGADO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.:  26-cv-4112-RSH-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On July 17, 2026, petitioner Martin Flores Delgado filed through counsel a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, who is in immigration custody, alleges that he has been subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), in violation of the Immigration and Nationality Act as recognized by *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025), and in violation of his due process rights. *See* ECF No. 1 ¶¶ 40, 66-70, 77. He also claims his warrantless arrest without probable cause of flight risk violates 8 C.F.R. § 287.8(c)(2)(ii). *Id.* ¶¶ 72-73. Petitioner requests his release, or in the alternative, a bond hearing under 8 U.S.C. § 1226(a) within ten days. *Id.* at 17.

On July 23, 2026, Respondents filed a return stating that they do not oppose an order directing a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 4 at 1–2.

On July 24, 2026, Petitioner filed a traverse reiterating his claims for relief and arguing that he should be immediately released because, in their return, Respondents failed to contest Petitioner's warrantless arrest allegations. ECF No. 5.

Section 8 C.F.R. § 287.8(c)(2)(ii) provides that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." Petitioner does not provide legal authority supporting his allegation that Respondents' violation of this provision warrants his immediate release. His cases reference a different section of the regulation at issue, § 287.8(b), which governs "[i]nterrogation and detention not amounting to arrest," and neither case concerns the immediate release of a petitioner from immigration custody. *See* ECF No. 1 at 15-16; *Sanchez v. Sessions*, 904 F.3d 643, 648 (9th Cir. 2018) (petitioner "was released the same day he was detained"); *Perez Cruz v. Barr*, 926 F.3d 1128, 1134 (9th Cir. 2019) (petitioner was released the day after he was detained). Petitioner provides no further legal authority for his immediate release in his Traverse. *See* ECF No. 5.

Accordingly, the Petition is **GRANTED** as follows. The government is directed to hold a bond hearing for petitioner Martin Flores Delgado within ***ten (10) days of the date of this order***, or within such longer period of time as may be requested by Petitioner. The Court declines to order Petitioner's immediate release, on the grounds that the Petition does not establish a basis for that relief. To the extent Petitioner seeks attorneys' fees, he must file a noticed motion pursuant to the Civil Local Rules of this district and the undersigned's pretrial civil procedures.

**IT IS SO ORDERED**.

Dated: July 27, 2026

Robert S. Huie
_____
Hon. Robert S. Huie
United States District Judge

2